IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN RILEY,

                              Plaintiff,

      v.                                                               ORDER

CHAPLAIN EWING,                                           15-cv-592-jdp

                              Defendant.

---

Pro se prisoner Shawn Riley brings this lawsuit alleging that defendant Chaplain Ewing denied him accommodations for fasting during the month of Ramadan, in violation of his rights under the First and Eighth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act. Currently pending are cross-motions for summary judgment. The trial date is currently set for January 29, 2018.

Counsel for defendant has filed a motion asking for a stay of the schedule because she "has become unexpectedly unavailable due to medical issues arising in advance of her upcoming family leave," originally scheduled for mid-January to mid-April 2018, that "may require immediate, extended hospitalization with no prior warning." Dkt. 54 and Dkt. 55. The Wisconsin DOJ's Civil Litigation Unit director has submitted a declaration stating that vacancies in the unit, leave schedules, and increased caseloads make it impossible for other assistant attorneys general to absorb counsel's docket. Dkt. 56. The state also notes that this case involves only claims for past harm, decreasing the need for immediate resolution of the case.

Riley opposes this request, stating that counsel and the DOJ have not explained the precise nature of the reason for the leave or any supporting medical evidence. He goes so far to

say that counsel has violated Wisconsin's Rules of Professional Conduct for Attorneys against fraud and deceit because she appears to have been anticipating the January-to-April leave for some time. He asks for default judgment if the state is not prepared to represent defendant. Dkt. 57.

I understand Riley's frustration that counsel's planned leave appears to have predated the exigent circumstances behind the current motion for a stay, but the motion is based both in counsel's new unexpected unavailability and the DOJ's recent setbacks in staffing articulated in Dkt. 56. Defendant's declarations are sworn under penalty of perjury and I see no reason to doubt their sincerity. Riley also somewhat morbidly states that if counsel had died instead of filing a motion for stay, the DOJ would be forced to reassign the case to another DOJ lawyer. This may be true, but it overlooks that in the event of an attorney's death or any other type of departure, the DOJ would likely seek extension of court deadlines while new counsel got up to speed on counsel's new docket, and I would likely grant that request. It's possible the DOJ could have switched counsel sooner here, but I will not micromanage their case assignments to shoehorn in the January 29 trial date. I will grant defendant's motion for a stay. I will direct the clerk of court to check in with the state in mid-April 2018.

In the meantime, I will take up the parties' cross-motions for summary judgment and issue a ruling on them in an upcoming order. I will not bar Riley from submitting filings during counsel's leave, but he should not expect the court or defendant to take any action on new submissions until counsel returns from leave.

ORDER

IT IS ORDERED that:

1. Plaintiff Shawn Riley's motion for default judgment, Dkt. 57, is DENIED.

2. Defendant's motion for a stay of the proceedings, Dkt. 54, is GRANTED. The clerk of court is directed to contact counsel in mid-April 2018 to ensure prompt resumption of the litigation.

Entered December 14, 2017.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge